## In re HARTSHORN.

(*Supreme Court, General Term, Fifth Department.* January, 1892.)

1. TAXATION—MISNOMER OF TAX-PAYER—HARMLESS ERROR.

In a proceeding against a tax-payer to collect a tax, it appeared that he was the owner of the land assessed, and the only person bearing his name who resided in the county. The assessor testified that the tax-payer was shown the assessment list, and that he admitted that the assessment against his land was correct. *Held*, that the tax-payer could not claim that he was misled by the addition of the letters "est" to his name on the roll.

2. SAME—EXAMINATION OF TAX-PAYER.

In a proceeding to collect a tax assessed on real estate, where the tax-payer has been ordered to appear before the county judge to be examined concerning his property, he cannot prove on the examination that he had sufficient personal property out of which the collector could have made the tax, but, if he wishes to rely on that defense, he should make a motion to vacate the order, after notice, based on affidavits showing the facts on which he relies.

Appeal from Steuben county court.

Supplementary proceeding for the collection of a tax of Charles H. Hartshorn. Hartshorn appeals from an order denying his application to vacate an order appointing a receiver for his property, and also appeals from an order appointing such receiver. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Daniel L. Benton,* for appellant.   *J. H. Stevens,* for respondent.

LEWIS, J.   The affidavit of the supervisor, Henry Colgrove, stated facts sufficient to justify the order of the county judge directing the appellant to appear before him for examination concerning his property. *In re Conklin,* 36 Hun, 588.   It cannot be claimed that the appellant was misled by the addition of the letters "est" to his name on the roll.   He was concededly the owner of the lands assessed, and he was the only person bearing the name of Charles Hartshorn residing in the county, and was the only person liable to pay the tax.   Henry R. Ranger, the assessor, testified that the list of the lands, as they were assessed, was shown to Hartshorn, and that he acknowledged the assessment to be correct.

The *ex parte* application, made to the county judge to vacate his order, was based solely upon the original papers upon which the order was granted.   The county judge denied the application.   Hartshorn acquiesced in the disposition that was made of the motion, and appeared before the judge, and submitted to the examination.   Upon the hearing he sought to show that he had sufficient personal property out of which the collector could have made the tax. The county judge correctly held that that question was not open to investigation on the hearing before him.   If that matter was to be inquired into, an independent motion should have been made to set aside the original order, upon notice based upon affidavits, showing the facts upon which he relied to set aside the order.   The reassessment of the tax in 1891 by the assessors could not affect the regularity of the supplemental proceedings.   There does not appear to be any merit in the appeals.   The orders appealed from should be affirmed, with $10 costs and disbursements of the appeal.   All concur.